Docusign Envelope ID: 23963161-9088-4AED-90F3-2BF62D0C2C23

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__ District of __Texas__ (State)

Case number (If known): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**  
   Formation Holdings US, Inc.

2. **All other names debtor used in the last 8 years**  
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  
   26-3470103

4. **Debtor's address**

   **Principal place of business**  
   1309  S. Challis Street  
   Number  Street  

   Salmon    Idaho   83467  
   City    State   ZIP Code  

   Lemhi  
   County

   **Mailing address, if different from principal place of business**  
   Number  Street  
   P.O. Box  
   City    State   ZIP Code

   **Location of principal assets, if different from principal place of business**  
   Number  Street  
   City    State   ZIP Code

5. **Debtor's website (URL)**  
   https://jervoisglobal.com/

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page 1

Debtor    **Formation Holdings US, Inc.**      Case number *(if known)*_____
           Name

6. **Type of debtor**
   - ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   - ❏ Partnership (excluding LLP)
   - ❏ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*
   - ❏ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - ❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - ❏ Railroad (as defined in 11 U.S.C. § 101(44))
   - ❏ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - ❏ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - ❏ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - ■ None of the above

   B. *Check all that apply:*
   - ❏ Tax-exempt entity (as described in 26 U.S.C. § 501)
   - ❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   - ❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   5 5 1 1

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   *Check one:*
   - ❏ Chapter 7
   - ❏ Chapter 9
   - ■ Chapter 11. *Check **all** that apply*:
     - ❏ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
     - ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
     - ■ A plan is being filed with this petition.
     - ■ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
     - ❏ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
     - ❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - ❏ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   - ■ No
   - ❏ Yes.   District _____ When _____ Case number _____
                                                     MM / DD / YYYY
                  District _____ When _____ Case number _____
                                                       MM / DD / YYYY

Debtor   **Formation Holdings US, Inc.**
_____Name_____   Case number *(if known)* _____

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ■ Yes.   Debtor   **See Schedule 1**   Relationship **Affiliate**
            District **Southern District of Texas**   When **01/28/2025**
                                                     MM / DD / YYYY
            Case number, if known _____

11. **Why is the case filed in *this* district?**

    Check all that apply:

    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ■ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                             Number   Street

    _____
    City                                           State ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
           Contact name _____
           Phone _____

**Statistical and administrative information**

13. **Debtor's estimation of available funds**

    Check one:
    ■ Funds will be available for distribution to unsecured creditors.
    ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

14. **Estimated number of creditors**

    ☐ 1-49
    ☐ 50-99
    ☐ 100-199
    ☐ 200-999
    ■ 1,000-5,000
    ☐ 5,001-10,000
    ☐ 10,001-25,000
    ☐ 25,001-50,000
    ☐ 50,001-100,000
    ☐ More than 100,000

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page 3

Docusign Envelope ID: 23963161-9088-4AED-8053-2BE62D0C2C23

Debtor __Formation Holdings US, Inc.__   Case number (if known) _____
       Name

### 15. Estimated assets

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### 16. Estimated liabilities

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### 17. Declaration and signature of authorized representative of debtor

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __1/28/2025__
            MM / DD / YYYY

X __/s/ Bryce Crocker__    __Bryce Crocker__
Signature of authorized representative of debtor    Printed name

Title __Director__

### 18. Signature of attorney

X __/s/ Duston McFaul__    Date __1/28/2025__
Signature of attorney for debtor                 MM / DD / YYYY

Duston K. McFaul
Printed name

Sidley Austin LLP
Firm name

1000     Louisiana Street, Suite 5900
Number   Street

Houston                           Texas        77002
City                              State        ZIP Code

713-495-4500                      dmcfaul@sidley.com
Contact phone                     Email address

24003309                          Texas
Bar number                        State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

## Schedule 1

### Pending Bankruptcy Cases Filed by Debtor and Affiliates of Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Jervois Global Limited.

|   | Debtor | Tax ID # |
|---|---|---|
| 1 | Jervois Texas, LLC | 33-3029514 |
| 2 | Jervois Global Limited | N/A |
| 3 | Jervois Suomi Holding Oy | N/A |
| 4 | Jervois Finland Oy | N/A |
| 5 | Jervois Americas LLC | 46-1998097 |
| 6 | Jervois Japan Inc. | N/A |
| 7 | Formation Holdings US, Inc. | 26-3470103 |
| 8 | Jervois Mining USA Limited | 88-0241323 |

**Fill in this information to identify the case:**

Debtor name: Formation Holdings US, Inc.

United States Bankruptcy Court for the: Southern District of Texas

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Millstreet Credit Fund LP<br>200 Park Avenue<br>New York, New York 10166 | Paul Hastings, Counsel Representation<br>P: (212) 318-6445<br>F:<br>erezgilad@paulhastings.com | Unsecured Noteholder | | | | $27,412,857.14 |
| 2 | [REDACTED] | [REDACTED] | Trade Debt | | | | $1,090,119.00 |
| 3 | Umicore Finland Oy<br>Kobolttiaukio 1<br>Kokkola, 67101<br>Finland | Anu Malmi<br>P:<br>F:<br>anu.malmi@eu.umicore.com | Trade Debt | | | | $547,229.05 |
| 4 | Varma Keskinäinentyöeläkevakuu<br>Annankatu 18<br>Varma, 98<br>Finland | Customer service<br>P: +358 10 192 100<br>F: | Trade Debt | | | | $220,136.52 |
| 5 | Ernst & Young LLP<br>200 Plaza Drive<br>Secaucus, New Jersey 07094 | Paden A Stephens<br>P: +1 256 749 0999<br>F:<br>paden.stephens@ey.com | Professional Services | | | | $80,080.00 |
| 6 | SAP Australia Pty Ltd<br>Level 13, 1 Denison Street<br>Sydney, NSW 2060<br>Australia | Maria Andal<br>P: +61 2 9935 4500<br>F:<br>m.andal@sap.com | Trade Debt | | | | $76,833.65 |
| 7 | Small Mine Development LLC<br>967 E Parkcenter Blvd, PMB 396<br>Boise, Idaho 83706 | Lee Kellogg<br>P: 208-338-8880<br>F:<br>lkellogg@undergroundmining.com | Trade Debt | | | | $76,032.04 |
| 8 | Lounea Yritysratkaisut Oy<br>Rantakatu 14-16<br>Kokkola, 67100<br>Finland | Timo Kainu<br>P: +358 40 077 1528<br>F:<br>timo.kainu@lounea.fi | Trade Debt | | | | $67,522.03 |

Official Form 204   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims   page 1

Debtor: **Formation Holdings US, Inc.**
Case number (if known): _____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 9 | Ernst & Young Oy<br>Alvar Aallon Katu 5 C<br>Helsinki, 100<br>Finland | P: 358 20 7280190<br>F:<br>nordicbilling@ey.com | Professional Services | | | | $62,378.93 |
| 10 | SGS North America Inc.<br>Natural Resources  4665 Paris ST St<br>Denver, Colorado 80239 | Laura Olson<br>P:<br>F:<br>Laura.Olson@sgs.com | Trade Debt | | | | $59,890.15 |
| 11 | Suomen Unipol Oy<br>Kaurapellontie 8<br>Espoo, 2610<br>Finland | Markku Ekholm<br>P: 3.5850040073e+11<br>F:<br>markku.ekholm@unipol.fi | Trade Debt | | | | $59,246.86 |
| 12 | Accon Suomi Oy<br>Vasarakuja 19<br>Kokkola, 67700<br>Finland | Petri Laasanen<br>P: +358 400 833 611<br>F:<br>petri@acconsuomi.fi | Trade Debt | | | | $57,773.09 |
| 13 | Oy Backman-Trummer Ab<br>Pl 49, Satamatullintie 5<br>Kokkola, 67900<br>Finland | Johan Smedjebacka<br>P: +358 40 537 2290<br>F:<br>johan.smedjebacka@backman-trummer.fi | Trade Debt | | | | $55,602.81 |
| 14 | Ernst & Young<br>8 Exhibition Street<br>Melbourne, VIC 3000<br>Australia | Brad Pollock<br>P: 1800 308 433<br>F:<br>Accounts.Receivable@au.ey.com | Professional Services | | | | $51,975.00 |
| 15 | Työllisyysrahasto<br>Pl 191<br>Helsinki, 120<br>Finland | Customer service<br>P: +358 75 757 0500<br>F:<br>vakuutusmaksut@tyollisyysrahasto.fi | Trade Debt | | | | $50,475.51 |
| 16 | Tietoevry Tech Services Finland Oy<br>Keilalahdentie 2-4<br>Espoo, 2150<br>Finland | Olli-Pekka Järviranta<br>P:<br>F:<br>Olli-Pekka.jarviranta@tietoevry.com | Trade Debt | | | | $48,017.54 |
| 17 | Intelex Technologies<br>70 University Ave, Suite 800<br>Toronto, Ontario M5J 2M4<br>Canada | Rashad Aljunied<br>P: +1 877 932 3747<br>F:<br>rashad.aljunied@intelex.com | Trade Debt | | | | $41,919.77 |
| 18 | Blue Cross of Idaho<br>PO Box 6948<br>Boise, Idaho 83707 | P: 208-345-4550<br>F: | Trade Debt | | | | $35,170.72 |
| 19 | Idaho Power Co<br>PO Box 34966<br>Seattle, Washington 98124-1966 | P: 208-388-2323<br>F: | Trade Debt | | | | $34,788.51 |

Debtor: **Formation Holdings US, Inc.**

Case number (if known): _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | Freja Transport & Logistics Oy<br>Linnankatu 90<br>Turku, 20100<br>Finland | P: +358 20 712 9830<br>F:<br>info@freja.fi | Trade Debt | | | | $32,927.31 |
| 21 | Control Systems Technology<br>5471 S Heyrend<br>Idaho Falls, Idaho 83402-5385 | Shauna Larson<br>P: 208-523-2796<br>F:<br>dwareing@controlsys.com | Trade Debt | | | | $31,699.50 |
| 22 | Tecalemit Flow Oy<br>Tiilitie 6<br>Vantaa, 1720<br>Finland | Kim Viitala<br>P: +358 29 006 5857<br>F:<br>kim.viitala@tecaflow.fi | Trade Debt | | | | $31,325.48 |
| 23 | Western States Equipment<br>3760 N Reserve St<br>Missoula, Montana 59808 | Jason Calson<br>P: 800-852-2287<br>F:<br>jason.calson@wseco.com | Trade Debt | | | | $30,868.17 |
| 24 | [REDACTED] | [REDACTED] | Trade Debt | | | | $29,189.85 |
| 25 | Sumitomo Warehouse Kobe<br>Hyogo<br>Kobe, 650-0033<br>Japan | Mr. Shunsuke Mogi<br>P: +81 7 8393 3604<br>F:<br>mogi.shunsuke@sumitomo-soko.co.jp | Trade Debt | | | | $28,522.99 |
| 26 | Kemianteollisuus Ry<br>Eteläranta 10<br>Helsinki, 131<br>Finland | P: +358 9 172 841<br>F:<br>katja.teerimaki@kemianteollisuus.fi | Trade Debt | | | | $25,743.51 |
| 27 | Energy Laboratories Inc<br>Department 6250, PO Box 4110<br>Woburn, Massachusetts 01888-4110 | Account Dept<br>P: 406-869-7270<br>F:<br>accounts@energylab.com | Trade Debt | | | | $25,381.10 |
| 28 | Accountor Hr Solutions Oy<br>Hallituskatu 16 A<br>Tampere, 33200<br>Finland | P: +358 20 7425 400<br>F:<br>laskutus@accountorhr.fi | Trade Debt | | | | $25,258.28 |
| 29 | Kokkolan Energiaverkot Oy<br>Varastotie 3<br>Kokkola, 67100<br>Finland | Tapio Järvinen<br>P:<br>F:<br>tapio.jarvinen@kokkolanenergia.fi | Trade Debt | | | | $23,781.86 |
| 30 | Professional Cleaning Svcs<br>Ristisuonraitti 16<br>Pietarsaari, 68600<br>Finland | Maria Friberg<br>P: +358 40 4889454<br>F:<br>maria.friberg@pcs.fi | Trade Debt | | | | $21,442.38 |

**Fill in this information to identify the case and this filing:**

Debtor Name __Formation Holdings US, Inc.__

United States Bankruptcy Court for the: __Southern__ District of __Texas__
(State)

Case number (If known): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __1/28/2025__   X __/s/ Bryce Crocker__ (DocuSigned)
MM / DD / YYYY                Signature of individual signing on behalf of debtor

Bryce Crocker
Printed name

Director
Position or relationship to debtor

Official Form 202   Declaration Under Penalty of Perjury for Non-Individual Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

| In re: | Chapter 11 |
|---|---|
| FORMATION HOLDINGS US, INC., | Case No. 25-_____ (___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS

| Name and Address of Equity Holders | Percentage of Equity Held |
|---|---|
| Jervois Global Limited<br>Suite 2.03, 1-11 Gordon Street,<br>Cremorne, Victoria, 3121, Australia | 100% |

**Fill in this information to identify the case and this filing:**

Debtor Name __Formation Holdings US, Inc.__

United States Bankruptcy Court for the: __Southern__ District of __Texas__
(State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __List of Equity Security Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __1/28/2025__
MM / DD / YYYY

X _Bryce Crocker_ (DocuSigned by: DC754D46DD6F4E0...)
Signature of individual signing on behalf of debtor

**Bryce Crocker**
Printed name

**Director**
Position or relationship to debtor

Official Form 202    Declaration Under Penalty of Perjury for Non-Individual Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re:<br><br>FORMATION HOLDINGS US, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-_____ (__) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholders | Approximate Percentage of Shares Held |
|---|---|
| Jervois Global Limited | 100% |

Corporate Ownership – Page 1

**Fill in this information to identify the case and this filing:**

Debtor Name: Formation Holdings US, Inc.

United States Bankruptcy Court for the: Southern District of Texas (State)

Case number (If known): _____

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 1/28/2025
MM / DD / YYYY

X _____
Signature of individual signing
*DocuSigned by: Bryce Crocker — DC754D46DD6F4E0...*

Bryce Crocker
Printed name

Director
Position or relationship to debtor

Official Form 202  Declaration Under Penalty of Perjury for Non-Individual Debtors

*Execution Version*

# UNANIMOUS WRITTEN CONSENT OF THE DIRECTORS OF FORMATION HOLDINGS US, INC.
### (the "Company")

**January 28, 2025**

The undersigned, being all the directors of the Company (the "Board"), do hereby consent to, adopt and approve the following resolutions by written consent and each and every action effected thereby with the same force and effect as if they had been adopted at a duly convened meeting of the Company:

WHEREAS, the Board has considered certain materials presented by, or on behalf of, the Company's management ("Management") and financial and legal advisors (collectively, the "Advisors"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's business;

WHEREAS, the Company, in consultation with the Advisors, has determined that it is in the best interest of the Company to enter into that certain *Restructuring Support Agreement*, dated December 31, 2024 (as amended, supplemented, or otherwise modified from time to time, the "RSA"), which contemplates certain restructuring transactions to be effectuated pursuant to chapter 11 cases of the Company and its debtor affiliates (the "Bankruptcy Cases") to be filed in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court");

WHEREAS, the Company, in consultation with the Advisors, has determined that it is in the best interest of the Company to amend the RSA to reflect modifications and revisions to the transactions negotiated therein;

WHEREAS, pursuant to the RSA, the Company intends to pursue the Bankruptcy Cases in a value-maximizing and effective fashion, and to file all pleadings or documents, including a chapter 11 plan (the "Plan") and a related disclosure statement (the "Disclosure Statement"), that may be required to effectively resolve the Bankruptcy Cases;

WHEREAS, the Board has reviewed and considered one or more presentations by Management and the Advisors regarding the advantages and disadvantages of filing a voluntary petition for relief (the "Bankruptcy Petition") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code");

WHEREAS, the Board has had adequate opportunity to consult with its Management and the Advisors regarding the materials presented, to obtain additional information, and to fully consider each of the strategic alternatives available to the Company;

WHEREAS, the Board has determined, in the judgment of the Board, that the following resolutions are advisable and in the best interests of the Company, its interest holders, its subsidiaries, its creditors, and other parties in interest; and

WHEREAS, the Board has considered its fiduciary duties under applicable law in exercising its powers and discharging its duties, to act honestly and in good faith with a view to

the best interests of the Company as a whole, and to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances.

1. **AMENDMENT TO RSA.**

**NOW, THEREFORE, BE IT RESOLVED**, that the RSA be and hereby is amended on terms and conditions substantially similar to the form attached hereto as <u>Exhibit A</u> (the "<u>Amended RSA</u>"), and that the Company amending the RSA would benefit the Company; and

**RESOLVED FURTHER**, (i) the forms, terms and provisions of the Amended RSA, and all the exhibits annexed thereto, (ii) the execution, delivery, and performance thereof, and (iii) the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved, and declared advisable and in the best interest of the Company, with such changes therein and additions thereto as any director or duly appointed officer of the Company, each acting individually and with full power of substitution (each, an "<u>Authorized Person</u>" and, together with any persons to whom such persons delegate certain responsibilities, collectively, the "<u>Authorized Persons</u>") executing the same may, in such Authorized Person's discretion, deem necessary or appropriate, it being acknowledged that the execution of the Amended RSA and such other documents, agreements, instructions and certificates as may be required or contemplated by the Amended RSA, as applicable, shall be conclusive evidence of the approval thereof.

2. **VOLUNTARY PETITION FOR RELIEF UNDER APPLICABLE BANKRUPTCY LAW AND SEEKING NECESSARY RELIEF.**

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its interest holders, subsidiaries, creditors, and other parties in interest, that the Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, the Bankruptcy Petition under the provisions of chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Company; and, in accordance with the requirements of the Company's governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petition; and

**RESOLVED FURTHER,** that each Authorized Person be, and hereby is, authorized to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, including the Plan and Disclosure Statement (and is authorized to finalize the documents on terms substantially similar to the forms presented to the Board), and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company.

3. **RETENTION OF PROFESSIONALS.**

**RESOLVED**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to employ the following professionals on behalf of the Company: (i) the law firm of Sidley Austin LLP, as general restructuring counsel; (ii) Moelis & Company, as investment banker; (iii) FTI Consulting,

Inc., as restructuring advisor; (iv) Stretto, Inc., as claims, noticing, and solicitation agent; (v) Pricewaterhouse Coopers International Limited, as tax advisor; and (vi) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is, authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

### 4. CASH COLLATERAL, DEBTOR-IN-POSSESSION FINANCING, AND ADEQUATE PROTECTION.

**RESOLVED**, that the Company will obtain benefits, as necessary or convenient to the conduct, promotion, maintenance, and attainment of the business of the Company, from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), to the extent applicable, which is security for prepetition secured lenders and the prepetition secured agent (collectively, the "Secured Parties"), if any; (b) entry into a Supplemental Deed, by and among Jervois Suomi Holding Oy, as the borrower, certain subsidiaries and affiliates of the borrower from time to time party thereto as guarantors, the lenders from time to time party thereto, and Acquiom Agency Services Ltd, as agent and security agent (the "DIP Facility Agreement Supplement"), which amends and restates that certain Facility Agreement, dated as of October 28, 2021 (as may be amended, restated, amended and restated, supplemented or otherwise modified from time to time), which shall include: (i) a new money term loan facility (the "New Money DIP Facility" and the loans advanced under the New Money DIP Facility, the "New Money DIP Loans") in the aggregate amount of $25,000,000, and (ii) following the Effective Time (as defined under the DIP Facility Agreement Supplement) and upon entry of an interim order by the Bankruptcy Court authorizing the DIP Facility, a roll-up facility in the aggregate amount of $24,000,000 (the "Roll-Up Facility," and the loans deemed made thereunder, the "Roll-Up Loans," and the Roll-Up Loans together with the New Money DIP Loans, the "DIP Facility"), in each case subject to the priorities and on terms and conditions set forth in the DIP Facility Agreement Supplement;

**RESOLVED FURTHER**, that in order to use and obtain the benefits of the DIP Facility and any Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will grant and allow perfection of certain liens and other security interests in favor of and for the benefit of the Secured Parties (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "DIP Order") to be filed with the Bankruptcy Court;

**RESOLVED FURTHER**, that the form, terms, and provisions of the DIP Facility be, and hereby are, in all respects approved on the terms and conditions substantially similar to those set forth in the form of DIP Documents (as defined below) previously provided and/or described to the Board, and the Company is hereby authorized and empowered to (a) enter into the DIP Facility, subject to approval by the Bankruptcy Court, and (b) seek entry of the DIP Order and

any other such order authorizing entry into, and consummation of, the DIP Facility and the DIP Documents;

**RESOLVED FURTHER**, that the form, terms, and provisions of the DIP Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Persons of the Company be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of (a) the DIP Order and the DIP Facility Agreement Supplement, (b) such other agreements, certificates, instruments, notices, receipts, recordings, filings, petitions, motions, or other papers or documents to which the Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively, with the DIP Order and the DIP Facility Agreement Supplement, the "DIP Documents"), and (c) any amendments or modifications to the DIP Documents (with such changes, modifications, additions, deletions, and amendments thereto as any Authorized Person in his or her sole discretion shall deem required, necessary, appropriate, desirable or advisable, the approval of which shall be conclusively established by the execution and delivery thereof);

**RESOLVED FURTHER**, that the Company, as debtor and debtor in possession under the Bankruptcy Code, upon filing of the Bankruptcy Petition, be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including the guaranty of the obligations thereunder and the granting of liens on substantially all of its assets to secure such obligations;

**RESOLVED FURTHER**, that each of the Authorized Persons of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the collateral agent under the DIP Facility (the "DIP Agent") to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Order; and

**RESOLVED FURTHER**, that each of the Authorized Persons of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection

with the DIP Order or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

### 5. FURTHER ACTIONS AND PRIOR ACTIONS.

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds and other documents on behalf of the Company relating to the Bankruptcy Cases;

**RESOLVED FURTHER**, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

**RESOLVED FURTHER**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the Company itself may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person or Authorized Persons may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

**RESOLVED FURTHER**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the governing documents of the Company, or hereby waives any right to have received such notice; and

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board.

\*      \*      \*      \*

This resolution may be executed in two or more counterparts, each of which shall be deemed an original and together constitute one and the same resolution. The words "execution," "signed," "signature," and words of like import herein shall be deemed to include electronic signatures or the keeping of records in electronic form, each of which shall be of the same legal effect, validity or enforceability as a manually executed signature or the use of a paper based recordkeeping system, as the case may be, to the extent and as provided for in any applicable law.

**IN WITNESS WHEREOF**, the undersigned, being all the directors of the Company, have executed this unanimous written consent in one or more counterparts, each of which shall be deemed to be one and the same instrument, as of the date first set forth above.

*Bryce Crocker*

Name: Bryce Crocker

Title: Director

[*Signature Page to Unanimous Written Consent – Formation Holdings US, Inc.*]